Hertha L. Lund
Peter B. Taylor
LUND LAW, PLLC
662 S. Ferguson Avenue, Unit 2
Bozeman, Montana 59718
Telephone: 406.586.6254
Fax: 406.586.6259
Email: lund@lund-law.com
　　　taylor@lund-law.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| NATIONAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AL CAMERON TRUCKING, LLC, ALASDAIR CAMERON, SANDRA CAMERON, STEVENSON FARM, LLC, JOSEPH STEVENSON, and MARYLN VOGELE,<br><br>Defendants. | CV 22-09-BLG-SPW-TJC<br><br><br>**DEFENDANT MARYLN VOGELE'S PRELIMINARY PRETRIAL STATEMENT** |

Pursuant to the Court's September 26, 2022 Order Setting Preliminary Pretrial Conference and Associated Deadlines and L.R. 16.2(b)(1) Defendant Maryln Vogele hereby files her Preliminary Pretrial Statement:

**A.     Brief factual outline of the case:**

This case is a declaratory judgment action to determine if Plaintiff insurance company National Casualty Company ("NCC") is required to defend and indemnify Defendant Al Cameron Trucking, LLC ("ACT"). The case arises out of delivery of two loads of hay that Defendant ACT transported and sold to Defendant Maryln Vogele. The hay that Defendant ACT delivered to Defendant Vogele contained toxic levels of nitrate, which caused serious injuries, including death, to Maryln's pregnant cattle resulting in significant financial losses and on-going emotional distress. The nitrate hay that Defendant ACT sold to Defendant Vogele was produced by Defendant Stevenson Farm, LLC ("Stevenson Farm"). After unsuccessfully attempting to recover for her losses from Defendant ACT and Defendant Stevenson Farm, LLC without litigation, Vogele filed an action that is still pending against all named Defendants in the Montana Sixteenth Judicial District Court, Custer County on March 21, 2021.  Defendant Vogele's amended complaint was filed on June 10, 2021.

**B.     The basis for federal jurisdiction in and for venue in the Division.**

This Court has subject matter and personal jurisdiction over this suit and its parties under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff NCC and all named Defendants, and the amount in controversy,

including the costs of defending and indemnifying Defendant ACT is greater than $75,000, exclusive of interest and costs.

Pursuant to L.R. 1.2(c) and L.R. 3.2, venue in the Billings Division is proper because all counties for which venue is proper under the laws of the State of Montana are in the Billings Division.

**C.    Factual basis for each claim or defense advanced by the parties:**

Plaintiff NCC's claim for declaratory judgement with regards to Defendant NCC's duty to defend Defendant ACT is based upon the plain language of the terms of the insurance policy at issue and the factual allegations and claims contained in the complaint that Defendant Vogele filed in the underlying action in state district court against all other Defendants named in this case. Plaintiff NCC's claim for declaratory judgment with regards to its duty to indemnify Defendant ACT is based upon this Court's determination that Plaintff NCC does or does not have a duty to defend Defendant ACT.

Defendant ACT's counterclaim for declaratory judgement with regards to Plaintiff NCC's duty to defend Defendant ACT is based upon the plain language of the terms of the insurance policy at issue and the factual allegations and claims contained in the complaint that Defendant Vogele filed in the underlying action in state district court against all other Defendants named in this case.

**D. The legal theory underlying each claim or defense, including where necessary to a reasonable understand of the claim or defense, citations to authority.**

Plaintiff NCC and Defendant ACT request a declaration by the Court determining their rights and obligations under the terms of the insurance policy at issue, as defined by Montana law. Declaratory judgment on all claims and counterclaims at issue depends on a determining whether Plaintiff NCC has a duty to defend Defendant ACT. Under Montana law, a duty to defend exists when the factual allegations contained in the complaint filed against an insured contains facts that, should they be proven true, result in coverage for the insured. *Fire Ins. Exch. v. Weitzel*, 2016 MT 113, ¶ 12, 383 Mont. 364, 371 P.3d 457. Determining whether a duty to defend exists under the terms of the policy is decided by looking at the factual allegations in the complaint alone. *Id*. All factual disputes between the insurer and the insured are resolved in favor of providing coverage for the insured. *Id*.

If the Court determines that an insurer does not have a duty to defend the insured, then there is no duty to indemnify the insured either. *Farmers Ins. Exch. v. Wessel*, 2020 MT 319, ¶ 24, 402 Mont. 348, 477 P.3d 1101.

### E. Computation of damages.

It is Defendant Vogele's understanding that since this case is a declaratory judgment action to determine the rights and obligations of Plaintiff NCC and Defendant ACT under the insurance contract between those parties, that no damages are being sought in the action.

### F. The pendency or disposition of any related state or federal litigation.

The underlying state court action in the Montana Sixteenth Judicial District Court, Custer County, captioned *Maryln Vogele v. Al Cameron Trucking LLC, et al.*, Cause No. DV-9-2021-22, is on-going, and the parties are actively involved in discovery. The related state court action is docketed for trial by jury on August 7, 2023.

### G. Proposed additional stipulations of fact not included in the Statement of Stipulated Facts, see L.R 16.2(b)(3), and the parties' understanding as to what law applies.

Montana law governs this action. Defendant Vogele does not propose any additional stipulations of fact.

### H. Proposed deadlines relating to joinder of parties and amendment of pleadings.

Plaintiff Vogele agrees to all deadlines set forth in the parties' Proposed Discovery Plan, which Plaintiff NCC has filed separately.

**I.     Identification of controlling issues of law suitable for pretrial disposition.**

Plaintiff Vogele asserts that all claims and counterclaims in this case can be decided on motions for summary judgment because the terms of the insurance policy and the factual allegations contained in the complaint control this Court's determination under Montana law.

**J.     The name and city and state of current residence of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses, and a summary of that information. If known, the address and telephone number of the individual must be provided to all counsel on request.**

All named parties in this case may have information pertaining to the claims, counterclaims, and defenses involved in this action. The named parties can be contacted through their counsel of record in this action or, with regards to the Stevenson Defendants, through Joe Stevenson. Joe Stevenson may be contacted with regards to the matters in this case alone and not any issues arising in the underlying action.

**K.     The substance of any insurance agreement that may cover any resulting judgment;**

Plaintiff Vogele submits that the only insurance at issue in this case is the policy between Plaintiff NCC and Defendant ACT, which was attached to Plaintiff NCC's amended complaint and for which a declaratory judgment is now sought.

**L.      The status of any settlement discussions and prospects for compromise of the case.**

Plaintiff NCC made only a limited precursory effort to settle this case with Defendant Vogele before filing this action. However, said effort was limited in scope, failed to recognize even those damages that are proven and absolute, and did not include any other party to the case. Preliminary settlement discussions were not pursued in earnest by Plaintiff NCC but Defendant Vogele has remained open to any sincere efforts to settle the matters in this and the underlying action.

**M.      The suitability of special procedures.**

Plaintiff Vogele submits that no special procedures are necessary.

Respectfully submitted on November 8, 2022.

                                    LUND LAW, PLLC

                                    /s/*Peter B. Taylor* _____
                                    Peter B. Taylor
                                    Lund Law PLLC
                                    662 S. Ferguson Ave., Unit 2
                                    Bozeman, MT 59718

## CERTIFICATE OF SERVICE

    I hereby certify that on November 8, 2022, I filed the above with the Court's CMS/ECF system, which will send notice to each party.

                                                            /s/ *Peter B. Taylor*_____