IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| NATIONAL CASUALTY COMPANY,<br><br>              Plaintiff,<br><br>vs.<br><br>AL CAMERON TRUCKING, LLC; ALASDAIR CAMERON; SANDRA CAMERON; STEVENSON FARM, LLC; JOSEPH STEVENSON; MARYLN VOGELE,<br><br>              Defendants. | CV 22-09-BLG-TJC<br><br>**ORDER ENTERING DEFAULT JUDGMENT** |

Before the Court is Plaintiff National Casualty Company's ("NCC") Motion for Default Judgment against Defendants Stevenson Farm, LLC, and Joseph Stevenson (the "Stevenson Defendants").[1] (Doc. 47.)

I.   **Background**

This action arises out of an underlying lawsuit (the "Underlying Lawsuit") brought by Defendant Maryln Vogele ("Vogele") in the Sixteenth Judicial District Court, Custer County (DV-21-22) in June 2021. (*See* Doc. 1-2.) In that action, Vogele alleged that hay sold and delivered by Defendant Al Cameron Trucking,

---

[1] Also before the Court is NCC's "Notice of Issue and Request for Ruling." (Doc. 48.)

1

LLC, which was purchased from Defendant Stevenson Farm, contained toxic levels of nitrate that damaged Vogele's cattle. NCC defended Defendants Al Cameron Trucking, LLC; Alasdair Cameron; and Sandra Cameron (the "Cameron Defendants") in the Underlying Lawsuit subject to a reservation of rights.

On February 8, 2022, NCC brought this declaratory judgment action against Vogele, the Stevenson Defendants, and the Cameron Defendants, seeking a declaration that it has no duty to defend or indemnify the Stevenson Defendants or Cameron Defendants under a commercial auto policy number LTO0060916 (the "Policy") in the Underlying Lawsuit. (Doc. 1.)

A waiver of service of summons was sent to the Stevenson Defendants on February 28, 2022. (*See* Docs. 7, 8.) Joseph Stevenson executed and returned waivers of service for himself, and on behalf of Stevenson Farm, LLC, as its member, on March 16, 2022. (*Id*.) The Stevenson Defendants acknowledged in the waivers that an answer or responsive pleading to NCC's Complaint was due on or before April 29, 2022. On September 23, 2022, NCC moved for entry of default, and the Clerk entered default against the Stevenson Defendants on September 26. (Docs. 30-31.) To date, the Stevenson Defendants have failed to answer or otherwise appear in this action.

On April 11, 2023, the parties voluntarily dismissed Vogele and the Cameron Defendants and dismissed the Cameron Defendants' counterclaim

2

against NCC, leaving the Stevenson Defendants as the only Defendants remaining in this action. (Doc. 46.)

Now, NCC moves for default judgment pursuant to Fed. R. Civ. P. 55(b) against the Stevenson Defendants, seeking a declaration that NCC has no duty to defendant or indemnify the Stevenson Defendants under the terms of the Policy. (Doc. 47.)

## II.   Jurisdiction

Before addressing the merits of NCC's motion, the Court must consider whether it has jurisdiction over both the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

Here, NCC alleges subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 19 at ¶ 10.) The Court finds it has subject matter jurisdiction over this action. The amount in controversy exceeds the $75,000 threshold and complete diversity is present. NCC is an insurance company incorporated and organized under the laws of Ohio and has its principal place of business in Arizona. (*Id.* at ¶ 1.) Defendant Al Cameron Trucking, LLC, ("ACT") is a Montana limited liability company with its principal place of business in

Montana. (*Id.* at ¶ 2.) Alasdair and Sandra Cameron, ACT's sole members, are both citizens of Montana. (*Id.* at ¶¶ 3-5.) Defendant Stevenson Farm, LLC, is a Montana limited liability company with its principal place of business in Montana. (*Id.* at 6.) Joseph Stevenson, believed to be the sole member of Stevenson Farm, is a citizen of Montana. (*Id.* at ¶¶ 7-8.) Finally, Defendant Maryln Vogele is a citizen of Montana. (*Id.* at ¶ 9.)

Further, the Court finds personal jurisdiction exists over the Stevenson Defendants. The Stevenson Defendants acknowledged service of the complaint by mail, pursuant to Fed. R. Civ. P 4(d)(1), and waived service of the summons on March 16, 2022. (Docs. 7, 8.)

### III.    Default Judgment

Federal Rule of Civil Procedure 55(b) governs applications to the Court for default judgment. If the claim is for a "sum certain or a sum that can be made certain by computation" the clerk must enter judgment for that amount against the defaulting party. Fed. R. Civ. P. 55(b)(1). In all other cases, the party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

Whether to enter a default judgment is left to the court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the Court considers the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the

complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The first factor, the possibility of prejudice to NCC, weighs in favor of granting default judgment. "There is potential prejudice where denying default judgment would deny an insurer a judicial determination as to whether it has a duty to indemnify and defend the defendant and whether it is entitled to reimbursement of the defense costs in the underlying action." *Mesa Underwriters Specialty Ins. Co. v. Paradise Skate, Inc.*, 2016 WL 9045622, at *3 (N.D. Cal. Apr. 11, 2016) (internal citation omitted). Because the Stevenson Defendants have failed to appear, NCC will be subject to "continued exposure to liability," tantamount to potential prejudice, if default judgment is not entered. *Id.*

The second and third factors are also met. Together, these factors "require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d. 1172, 1175 (C.D. Cal. 2002) (internal citation omitted). Here, NCC sufficiently alleges facts which state a plausible claim for relief as required by Rule 8's pleading standards. Furthermore, NCC has alleged an "actual controversy" within the Court's jurisdiction. *Aspen Am. Ins. Co. v.*

*Morrow*, 2022 WL 17337913, at *5 (D. Alaska Nov. 30, 2022) ("[C]ourts may award declaratory relief in actions between insurers and assureds to determine their respective rights and obligations under an insurance policy.  The decision to issue a declaratory judgment falls squarely within the district court's discretion.").

Based on the facts of the Underlying Lawsuit and the Policy language, NCC contends that it has no duty to defend the Stevenson Defendants in the Underlying Lawsuit.  In Montana, an insurer's duty to defend "arises when a complaint against an insured alleges facts which, if proved, would result in coverage." *Tidyman's Mgmt. Servs. Inc. v. Davis*, 330 P.3d 1139, 1149 (Mont. 2014) (internal citation omitted).  The duty to indemnify, on the other hand, "arises only if coverage under the policy is actually established." *State Farm Mut. Auto. Ins. Co. v. Freyer*, 312 P.3d 403, 410-11 (Mont. 2013).  Just as NCC has done here, if an insurer believes a policy exclusion applies, it should defend under a reservation of rights and seek determination of coverage through a declaratory judgment action. *Tidyman's*, 330 P.3d at 1151.

In its First Amended Complaint, NCC alleges it issued the Policy to Defendant ACT from August 17, 2018, to August 17, 2019.  (Doc. 19 at ¶ 13.) Thus, ACT was the insured under the policy, not the Stevenson Defendants.  It does not appear that the Stevenson Defendants had any relationship with NCC. Moreover, the First Amended Complaint sets forth certain policy exclusions which

6

appear to exclude coverage for the claims brought in the Underlying Lawsuit. Therefore, the merits of the claim and sufficiency of the First Amended Complaint weigh in favor of default judgment.

The fourth factor, the sum of money at stake, is neutral because the only claim against the Stevenson Defendants is for declaratory judgment.

Next, the fifth factor also weighs in favor of default judgment.  Because default was entered against the Stevenson Defendants pursuant to Rule 55(a), the facts alleged in the First Amended Complaint have been accepted as true.

Regarding the sixth factor, there has been no evidence presented to the Court which would indicate that the Stevenson Defendants' default is due to excusable neglect.  Stevenson Farm, LLC, and Joseph Stevenson received a copy of the complaint and waived service of the summons on March 16, 2022.  (Docs. 7, 8.) The Stevenson Defendants did not answer or otherwise appear and have made no attempt to set aside the default since it was entered on September 26, 2022.

Finally, the seventh factor does not weigh against the entry of default judgment.  Although cases should be decided on the merits whenever possible, "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (internal citation omitted).  Rule 55(b) allows the Court to enter a default judgment if a defendant fails to appear and defend.  The Stevenson Defendants' "failure to answer [NCC's First Amended Complaint] makes a decision on the

7

merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. The federal rules provide for the entry of default judgment in these circumstances.

In conclusion, after consideration of the foregoing factors, the Court finds that the entry of default judgment is appropriate.

## IV. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that NCC's Motion for Default Judgment (Doc. 47) is GRANTED. Default judgment is entered in favor of NCC and against Defendants Stevenson Farm, LLC, and Joseph Stevenson. NCC has no duty to defend or indemnify Stevenson Farm, LLC, or Joseph Stevenson in any action under the terms of the Policy issued to Defendant Al Cameron Trucking, LLC.

IT IS FURTHER ORDERED that NCC's Notice of Issue and Request for Ruling (Doc. 48) is DENIED as moot.

**IT IS ORDERED**.

DATED this 28th day of July, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge